**WARBURTON et ux. v. UNITED STATES.**

Civ. No. C–124–52.

United States District Court
D. Utah, Central Division.

Feb. 10, 1953.

Rex J. Hanson and Stewart, Cannon & Hanson, Salt Lake City, Utah, for plaintiffs.

Scott M. Matheson, U. S. Atty. and H. D. Lowry, Asst. U. S. Atty., Salt Lake City, Utah, for defendant.

RITTER, District Judge.

This is an action for damages arising from the alleged failure of the defendant lessee, the United States of America, to keep certain leased premises in good repair, as required by the terms of the lease. Plaintiffs leased their property to defendant for seven years under a wartime program for obtaining more housing in critical defense areas. The lease transaction contemplated extensive remodeling and reconstruction of the premises so as to provide living quarters for several families in what had been a one-family house. This work was done, and the premises were occupied until the expiration of the lease.

This action was heard by the court sitting without a jury. The facts in the case are that by a written lease dated March 23, 1944, plaintiffs leased to the defendant a dwelling house and premises in Salt Lake City, Utah, known as 2199 South Third East, Salt Lake City, Utah. This lease, a copy of which was received in evidence, contained in paragraph 9 the following covenant:

"9. The Government, during the term of this lease, shall take good care of the Premises, and may make any and all repairs, both interior and exterior, necessary to keep the Premises in good order, condition, and repair, without the consent or approval of the Lessor. Upon the surrender of the Premises by the Government, it shall redecorate and/or repaint the vacant portion of the interior thereof."

The defendant entered into and remained in possession of the premises during the period from March 31, 1944, through March 30, 1951.

 Under the terms of paragraph 9 of the lease reading "The Government * * * shall take good care of the Premises", the defendant had a mandatory obligation to take good care of the premises. This mandatory obligation did not, however, require the defendant lessee to repair generally but was in effect a covenant against voluntary waste. The lessee was not under a duty to repair damages caused by reasonable wear and tear. Another part of paragraph 9 stated that the lessee "*may* make any and all repairs, both interior and exterior, necessary to keep the Premises in good order, condition, and repair without the consent or approval of the Lessor." (Emphasis supplied.) This provision is permissive only and does not place the lessee under an affirmative obligation to repair. Its effect is merely to relieve the lessee of liability in the event repairs were made without obtaining the lessor's approval in advance. Reading the affirmative obligation to "take good care", together with the permissive power of the lessee to make repairs without lessor's consent, confirms the interpretation that the lease did not require the lessee to make repairs which were occasioned by reasonable wear and tear.

The evidence presented to the court proved that the lessee did take good care of the premises and made any and all repairs, both interior and exterior, necessary to keep the premises in good order, condition, and repair, as contemplated under the provisions and terms of the lease, reasonable wear and tear excepted.

Plaintiffs presented evidence of damages occasioned by defendant lessee's failure to make repairs. It is found that the cause of the need for the repairs in question was reasonable wear and tear on the premises. Inasmuch as the lessee was under no obligation to make repairs for damages caused by reasonable wear and tear, it must follow that the plaintiff has no cause of action.

Judgment for the defendant. Case is dismissed, and the defendant is to receive its costs.